Daniel Weintraub – State Bar No. 132111
James R. Selth – State Bar No. 123420
Crystle J. Lindsey – State Bar No. 281944
**WEINTRAUB & SELTH, APC**
11766 Wilshire Boulevard, Suite 1170
Los Angeles, CA 90025
Telephone: (310) 207-1494
Facsimile: (310) 442-0660

General Bankruptcy Counsel for
Debtor in Possession, NEUMEDICINES, INC.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>NEUMEDICINES, INC.,<br><br>　　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No.: 2:20-bk-16475-ER<br><br>**MOTION OF DEBTOR-IN-POSSESSION FOR ENTRY OF AN ORDER (I) EXTENDING THE EXCLUSIVITY PERIODS; AND (II) GRANTING RELATED RELIEF; DECLARATION OF DANIEL J. WEINTRAUB IN SUPPORT THEREOF**<br><br>Date:　　　December 10, 2020<br>Time:　　　11:00 a.m.<br>Courtroom: 1568<br><br>*(Telephonic Appearances Only)* |

-1-

3788.01　　　DEBTOR'S MOTION TO EXTEND EXCLUSIVITY PERIODS

Neumedicines, Inc., the debtor and debtor-in-possession in the above-captioned Chapter 11 case ("Debtor"), will and hereby does move this Court (the "Motion"), pursuant to Section 1121(d) of the United States Code § 101 *et seq.* ("Bankruptcy Code")[1], for entry of an order (i) extending by 120 days the period during which the Debtor has the exclusive right to file a Chapter 11 Plan of Reorganization ("Plan" and the "Exclusive Filing Period") from November 16, 2020 to March 16, 2021; and (ii) extending the period during which the Debtor has the exclusive right to solicit Plan acceptance (the "Exclusive Solicitation Period" and together with Exclusive Filing Period, the "Exclusivity Periods") from January 15, 2021 to May 15, 2021 (the "Motion"). In support of its Motion, Debtor states as follows:

**I.**

**INTRODUCTION**

The Debtor filed this Bankruptcy Case on July 17, 2020. Since filing the case, the Debtor has worked to market and consummate the sale of its valuable intellectual property assets ("Assets"). The sale has been complicated by complex disputes between the Debtor and Libo Pharma ("Libo"), a party who entered into a license agreement with the Debtor in 2017 for Asia, Africa and Australia. Prior to filing this case, the Debtor notified Libo that it was in material breach of the license agreement (the "License") and after Libo failed to cure the breach, that the License was terminated. Libo disputes the termination and asserts the Debtor is in breach. The parties also dispute the consequence of the various breach claims. But for these complications, this would have been a very straightforward case and process. These disputes and assertion of various rights have delayed an expeditious sale.

Notwithstanding these complexities, the Debtor has made significant progress in obtaining and negotiating offers, advancing the Sale, and negotiating a possible settlement with Libo. The Debtor is unable to propose a plan, other than one which is contingent and somewhat speculative until the sale process is concluded, which is expected to occur on or before

---

[1] Unless otherwise stated, all section references herein are to the Bankruptcy Code.

1  December 31, 2020.  The sale and auction hearing are scheduled to be held on December 10,
2  2020 at 2:00 p.m.
3       The last day for the Debtor to exclusively file a Plan is November 16, 2020.  The Debtor
4  does not anticipate the requested extension of the Plan Exclusivity Periods will delay the Sale
5  in any way and believes such extensions will benefit the estate by not forcing the Debtor to file
6  and then amend a Plan once the Sale closes and circumstances have changed.  The Debtor
7  submits that based upon the foregoing and the record in this case, there is sufficient cause and
8  it is in the best interest of the estate to grant the Motion and extend the Exclusivity Periods for
9  120 days.

## II.

## JURISDICTION AND VENUE

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and other bases for the relief requested in the Motion are §§ 105(a) and 1121 of title 11 of the Bankruptcy Code, as complemented by the Federal Rules of Bankruptcy Procedure (hereinafter the "Bankruptcy Rules"), and the Local Bankruptcy Rules.

## III.

## STATEMENT OF FACTS

**A.**   **Background And Bankruptcy Filing.**

The Debtor commenced this Bankruptcy Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 17, 2020.  The Debtor continues to carry out its business operations and manage its financial affairs as a Debtor in Possession pursuant to 11 U.S.C. §§ 1107 and 1108 and is in compliance with all requirements of the Office of the United States Trustee and the Bankruptcy Code.  No trustee, examiner, or committee has been appointed in the Bankruptcy Case.  Plan exclusivity expires on November 16, 2020

The Debtor filed this Chapter 11 Bankruptcy Case in order to prevent the foreclosure of its valuable intellectual property Assets and maximize value for its creditors and shareholders through the sale of its Assets which the Debtor has pursued since the outset of the Bankruptcy Case. Based upon the offers received to date, the Debtor reasonably anticipates that upon closing, the sale transaction will generate enough cash to pay all claims in full as well as provide a significant distribution to shareholders.

**B.    Sale of Assets And Negotiations With Potential Bidders.**

On September 22, 2020, the Debtor filed its *Motion for Entry of Order Approving Auction Sale Format, Bidding Procedures and Related Relief* (the "Bid Procedures Motion", Dkt. No. 43). On October 15, 2020, the Court entered its *Order Approving the Bid Procedures Motion* (Dkt. No. 67). Pursuant to the *Order Approving the Bid Procedures Motion*, the Court scheduled the auction (the "Auction") and the hearing to approve the sale (the "Sale") of the Assets on December 10, 2020 at 11:00 a.m.[2]

Prior to and subsequent to the hearing on the *Bid Procedures Motion*, the Debtor has been conducting negotiations and exchanging markups of the Template APA with three (3) separate buyers. The negotiations are complex and have grown significantly more complicated by decisions each of the proposed buyers and the Debtor must make relative to that certain Exclusive License and Technology Transfer Agreement ("Libo License") between the Debtor and Libo Pharma Corp. ("Libo") entered into on or around June 1, 2017. Despite the complexities, the Debtor continues to negotiate and make progress in the Sale of its Assets and anticipates close of sale by no later than December 31, 2020.

Based on the written offers received from potential buyers, the Debtor anticipates that the Sale will result in consideration to the Debtor that will allow the Debtor to pay all allowed claims in full, including all administrative, secured and unsecured claims. However, until a

---

[2] On November 5, 2020, the Debtor filed *Motion of Debtor-In-Possession on Shortened Time for Entry of an Order Extending the Deadline for the Debtor to Designate a Stalking Horse Bidder* ("Stalking Horse") in the Sale and Auction of its Assets (Dkt. No. 96). On November 12, 2020, the Court entered the Order approving the motion and extending the deadline for the Debtor to designate a Stalking to November 30, 2020 as well as other related deadlines.

Sale is closed, any Plan would be speculative and contingent upon a future event with an as of yet undetermined buyer.

**C.    Extension of Exclusivity Periods.**

The Debtor is current on all of its post-petition bills, is funded through December 31, 2020 as a result of loans made by director Raphael Nir and has filed all of its required monthly operating reports. Further, an extension of the Exclusivity Periods will not prejudice creditors as it will provide the Debtor with the time needed to prepare a non-speculative Plan on which creditors can rely. The alternative is the Debtor file a Plan within the initial 120 day period and then file an amended plan once the Sale closes. This results in an unnecessary administrative expense. The extension will not affect the pending Sale hearing set for December 10, 2020.

## IV.

## LEGAL ANALYSIS

**A.    Cause Exists to Extend the Exclusivity Periods.**

Section 1121(b) provides for an initial period of one-hundred and twenty (120) days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a Plan. See 11 U.S.C. § 1121(b) ("Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter."). The Bankruptcy Code further provides that if a debtor files a plan within that 120-day period, it has a 180-day period from its petition date to solicit acceptance of its plan. 11 U.S.C. § 1121(c)(3). Pursuant to §section 1121(d) of the Bankruptcy Code, the Bankruptcy Court may extend the Exclusive Periods "for cause." See 11 U.S.C. § 1121(d) ("[O]n the request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.").

Although the Bankruptcy Code does not define the term "cause" for purposes of § 1121(d) or establish formal criteria for an extension of the Exclusive Periods, bankruptcy courts have discretion to extend exclusivity to promote the orderly, consensual, and successful

reorganization of a debtor's affairs. *See In re Timbers of Inwood Forest Assocs., Ltd*., 808 F.2d 63, 372 (5th Cir. 1987) (noting that the meaning of "cause" under Section 1121 should be viewed in context of the Bankruptcy Code's goal of fostering reorganization); *In re Mirant Corp.,* No. 4- 04-CV-476-A, 2004 WL 2250986, at *2 (N.D. Tex. Sept. 30, 2004) (noting that an extension of exclusivity is typically granted where "the debtor has shown substantial progress toward reorganization").

Bankruptcy courts in this district routinely grant extensions of exclusive periods to provide ample opportunity for debtors to develop a chapter 11 plan. *See, e.g., In re Verity Health System of California, Inc.,* Case No. 2:18-bk-20151-ER, ECF No.1168 (extending Exclusivity Periods to 240 and 300 days after the petition date); *In re Brotman Medical Center, Inc.,* Case No. 2:07-bk-19705-BB, ECF No. 783 (Bankr. C.D. Cal. Sept. 9, 2008) (extending Exclusivity Periods to 315 and 375 days after the petition date); *In re National R. V. Holdings, Inc.,* Case No, 6:07-bk- 17941-PC, ECF No. 386 (Bankr. C.D. Cal. Mar. 26, 2008) extending Exclusivity Periods to 210 and 270 days after the petition date); *In re People's Choice Home Loan, Inc.,* Case No. 8:07-bk-10765-RK, ECF No. 809 (Bankr. C.D. Cal. Jan. 8, 2008) (extending Exclusivity Periods to 317 and 377 days after the petition date). For the reasons detailed below, the same relief should be granted here.

**B.      Relevant Factors to Analyze Whether Cause Exists to Extend Exclusivity Periods.**

The courts have developed a list of several factors to consider in determining whether a debtor has had an adequate opportunity to negotiate a chapter 11 plan and thus whether cause exists to extend the Exclusivity Periods under § 1121(d) of the Bankruptcy Code:

1. The size and complexity of the case;
2. The necessity of sufficient time to permit the debtor to negotiate a plan and prepare adequate information;
3. The existence of good faith progress toward reorganization;
4. The fact that the debtor is paying its bills as they become due;
5. Whether the debtor has demonstrated reasonable prospects for filing a viable plan;

6. Whether the debtor has made progress in negotiations with its creditors;

7. The amount of time which has elapsed in the case;

8. Whether the debtor is seeking an extension of exclusivity to pressure creditors to submit to the debtor's reorganization demands; and

9. Whether an unresolved contingency exists.

*In re New Meatco Provisions, LLC*, No. 2:13-BK-22155-PC, 2014 WL 917335, at *3 (Bankr. C.D. Cal. Mar. 10, 2014); *In re Catholic Bishop of N. Alaska*, No. F08-00110-DMD, 2009 WL 8412171, at *1 (Bankr. D. Alaska Sept. 11, 2009); *In re Adelphia Commc'ns Corp.,* 352 B.R. 578, 587 (Bankr. S.D. NY 2006) (noting that the nine factors listed above are "objective factors which courts historically have considered in making determinations of this character"); *In re McLean Indus., Inc.,* 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); accord *In re Express One,* 194 B.R. at 100 (identifying all of the nine factors as relevant in determining whether cause exists to extend exclusivity); *In re United Press Int'l, Inc.,* 60 B.R. 265, 269 (Bankr. D.C. 1986) (holding that debtor showed cause to extend exclusive period based upon certain of the nine factors). The exercise of the Court's discretion is not simply a check-off process, but is based upon the totality of the circumstances. The above factors are not the exclusive bases for the exercise of the Court's discretion to extend the exclusive periods, nor must they all be satisfied.

A debtor is not required to satisfy all nine factors as not all of them are relevant to every case. Many courts have relied upon only a few of the above factors to determine whether cause exists. See, e.g., *In re Henry Mayo Newhall Mem'l Hosp*., 282 B.R. 444, 453 (9th Cir. BAP 2002) (identifying "a transcendent consideration" to be "whether adjustment of exclusivity will facilitate moving the case forward toward a fair and equitable resolution"); *In re Hoffinger Indus*., 292 B.R. 639, 644 (8th Cir. 2003) (using four of the above factors to affirm the bankruptcy court's extension of the exclusivity period); *In re McLean Indus., Inc.,* 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying five factors used by courts to determine whether cause exists to extend exclusivity).

1  As explained below, the Debtor meets each of the factors outlined in *In re New Meatco Provisions, LLC*, to the extent they apply, which favors extending the Exclusivity Periods.

3  First, while this Debtor does not have many creditors or complex operations, its Assets and the negotiations concerning the sale of its Assets are indeed complex.

5  Secondly, the Debtor requires additional time to gather the information necessary to formulate a plan, i.e., through the completion of the Sale. This will allow the Debtor to propose a noncontingent plan on which the Court and creditors can rely.

8  Third, the record is clear that the Debtor has proceeded expeditiously and made good faith progress toward reorganization. Evidence of this is the commitment of management to fund the reorganization, the obtaining of three (3) multimillion dollar offers, the ongoing negotiations with buyers and efforts made to resolve disputes with Libo to facilitate a consensual sale and avoid unnecessary litigation costs and delay.

13  Fourth, the Debtor is current on all of its post-petition bills.

14  Fifth, upon the closing of the Sale, the Debtor will be in a position to propose a Plan which pays all of its creditors in full and makes a substantial distribution to shareholders.

16  Next, this is the Debtor's first request to extend the Exclusivity Periods and this Bankruptcy Case has only been pending for slightly over three (3) months.

18  Finally, the Debtor is not seeking the extension for any untoward purpose with respect to its creditors, but rather to reduce administrative expenses and by first reaching a level of certainty of the availability of resources in the estate, instead of proposing a contingent plan. No creditor will be prejudiced by the extension of the Exclusivity Periods.

22  Based on the foregoing, the Debtor submits there is sufficient cause to grant the Motion and extend the Exclusivity Periods for 120 days.

///
///
///
///
///

# V.
# CONCLUSION

**WHEREFORE**, the Debtor respectfully requests the Court enter an Order:

1. Granting the Motion in its entirety;

2. Extending by 120 days the Exclusive Filing Period from November 16, 2020 to March 16, 2021;

3. Extending by 120 days the Exclusive Solicitation Period from January 15, 2021 to May 15, 2021;

4. Entry of this Order is without prejudice to the Debtor's right to seek additional and further extensions of the Exclusivity Periods; and

5. Granting such other and further relief as the Court deems just and appropriate under the facts and circumstances of this case.

Dated:  November 16, 2020                                          **WEINTRAUB & SELTH, APC**

By:  */s/ Crystle J. Lindsey*
　　　Daniel J. Weintraub
　　　James R. Selth
　　　Crystle J. Lindsey
General Bankruptcy Counsel for
Chapter 11 Debtor and Debtor in Possession,
NEUMEDICINES, INC.

**DECLARATION OF DANIEL J. WEINTRAUB**

I, Daniel J. Weintraub, hereby declare:

1. I am an attorney duly admitted to practice in the State of California and before the United States District Court for the Central District of California. I am a partner with the law firm of Weintraub & Selth, APC, the general bankruptcy counsel for the Chapter 11 Debtor and Debtor in Possession, Neumedicines, Inc. (the "Debtor"). Unless otherwise indicated, each of the facts contained in this declaration is based upon my personal knowledge and, if called as a witness, I could and would competently testify thereto.

2. I make this Declaration in support of the *Motion Of Debtor In Possession For Entry of an Order (i) Extending the Exclusivity Deadlines; and (ii) Granting Related Relief* (the "Motion").

3. The Debtor requests entry of an order (i) extending by 120 days the period during which the Debtor has the exclusive right to file a Chapter 11 Plan of Reorganization ("Plan" and the "Exclusive Filing Period") from November 16, 2020 to March 16, 2021; and (ii) extending the period during which the Debtor has the exclusive right to solicit Plan acceptance (the "Exclusive Solicitation Period" and together with Exclusive Filing Period, the "Exclusivity Periods") from January 15, 2021 to May 15, 2021.

4. I am the attorney leading the negotiations for the Debtor concerning the sale ("Sale") of the Debtor's assets ("Assets"). The Sale has been complicated by complex disputes between the Debtor and Libo Pharma Corp. ("Libo") with respect to license agreement (the "License") between the Debtor and Libo entered into in 2017 for Asia, Africa and Australia.

5. I have had multiple conversations with Michael Lubic ("Mr. Lubic"), counsel for Libo, with respect to resolution of the disputed claims related to License. I have communicated to Mr. Lubic the Debtor's position, which is that prior to filing bankruptcy, the Debtor notified Libo that it was in material breach of the License and that after Libo failed to cure the breach, the License was terminated. Mr. Lubic has communicated to me that Libo disputes the termination of the License and asserts the Debtor is in breach. The Debtor and

1  Libo also dispute the consequence of the various breach claims. These disputes and assertion
2  of various rights have delayed an expeditious sale and but for these complications, I believe this
3  would have been a very straightforward case and sale process.

4        6.     Despite the above complexities, the Debtor has made significant progress in
5  advancing the Sale, obtaining and negotiating offers, and negotiating a possible settlement with
6  Libo. I have had multiple conversations with counsel for all of the potential buyers and the
7  Debtor has exchanged multiple drafts of the Template Asset Purchase Agreement ("APA") with
8  three (3) separate buyers. The Debtor has made significant progress toward reorganization,
9  including obtaining of three (3) multimillion dollar offers from three (3) potential purchasers,
10 exchanging detailed asset purchase and royalty agreements with the three (3) potential buyers
11 negotiating a potential resolution with Libo to resolve the License disputes, and making
12 significant progress in facilitating a consensual sale in order to avoid unnecessary litigation
13 costs and delay.

14       7.     The Sale and Auction hearing are scheduled to be held on December 10, 2020 at
15 2:00 p.m. I believe the Debtor is unable to propose a non-contingent Plan which would likely
16 require significant amendment until the Sale process is concluded, which is expected to occur
17 on or before December 31, 2020. Upon the closing of the Sale, the Debtor will be in a position
18 to propose a Plan which the Debtor anticipates will pay all of its creditors in full and can provide
19 a substantial distribution to shareholders.

20       8.     I do not believe the requested extension of the Plan Exclusivity Periods will
21 delay the Sale in any way and I believe such extensions will benefit the estate by not forcing
22 the Debtor to file and then amend a Plan once the Sale closes and circumstances have changed.
23 If the Debtor were required to file a Plan at this time, it would be speculative and contingent
24 upon a future event with an as of yet undetermined buyer.

25       9.     I believe that extension of the Exclusivity Periods will not prejudice creditors as
26 it will provide the Debtor with the time needed to prepare a non-speculative Plan on which
27 creditors can rely. The alternative is the Debtor file a Plan within the initial 120 day period and
28 then be forced to file an amended plan once the Sale closes, which results in an unnecessary

administrative expense.  An extension of the Exclusivity Periods would reduce administrative expenses by first reaching a level of certainty of the availability of resources in the estate, instead of proposing a contingent and speculative plan.

10. The Debtor is current on all of its post-petition bills, is funded through December 31, 2020 as a result of loans made by director Raphael Nir and has filed all of its required monthly operating reports.

11. This is the Debtor's first request to extend the Exclusivity Periods.  Upon close of the Sale, the Debtor will continue expeditiously with the preparation and filing of its Plan.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of November, 2020, in Los Angeles, California.

*/s/ Daniel J. Weintraub*
DANIEL J. WEINTRAUB

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

11766 Wilshire Blvd., Suite 1170, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled **MOTION OF DEBTOR-IN-POSSESSION FOR ENTRY OF AN ORDER (I) EXTENDING THE EXCLUSIVITY PERIODS; AND (II) GRANTING RELATED RELIEF; DECLARATION OF DANIEL J. WEINTRAUB IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 16, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **November 16, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 16, 2020 | Gabby Piceno | /s/ *Gabby Piceno* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    F 9013-3.1.PROOF.SERVICE

# ADDITIONAL SERVICE INFORMATION (if needed):

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

ON BEHALF OF KARYOPHARM THERAPEUTICS INC Matthew Benedetto matthew.benedetto@wilmerhale.com whdocketing@wilmerhale.com

ON BEHALF OF BRINK BIOLOGICS, INC. & NANTKWEST, INC. Bruce Bennett bbennett@jonesday.com

ON BEHALF OF KARYOPHARM THERAPEUTICS INC Salvatore M Daniele  WHDocketing@wilmerhale.com

ON BEHALF OF ELLIOT FRIEDMAN David S Kupetz dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com;dperez@ecf.courtdrive.com;dkupetz@ecf.courtdrive.com

ON BEHALF OF DEBTOR Crystle Jane Lindsey crystle@wsrlaw.net, crystle@cjllaw.com;gabby@wsrlaw.net;eduardo@wsrlaw.net

ON BEHALF OF KARYOPHARM THERAPEUTICS INC Benjamin W Loveland , WHDocketing@wilmerhale.com

ON BEHALF OF LIBO PHARMA CORP. Michael B Lubic michael.lubic@klgates.com, jonathan.randolph@klgates.com

ON BEHALF OF DEBTOR jim@wsrlaw.net, jselth@yahoo.com;eduardo@wsrlaw.net;gabby@wsrlaw.net;vinnet@ecf.inforuptcy.com

ON BEHALF OF KARYOPHARM THERAPEUTICS INC George W Shuster  WHDocketing@wilmerhale.com

ON BEHALF OF ESTATE OF LENA BASILE  Stephen S Smyth office@smythlo.com;r58723@notify.bestcase.com

OUST United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

ON BEHALF OF DEBTOR dan@wsrlaw.net, vinnet@ecf.inforuptcy.com;gabby@wsrlaw.net;eduardo@wsrlaw.net

ON BEHALF OF OUST Hatty K Yip hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov

**Via U.S. Mail**

Office of the United States Trustee: c/o Hatty K. Yip, 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017

Debtor:  c/o Timothy K. Gallaher, 480 W. Norman Ave., Arcadia, CA 91007

| TWENTY LARGEST UNSECURED CREDITORS |||
|---|---|---|
| Business Card Services<br>PO BOX 23066<br>Columbus, GA 37902-3066 | Christopher E. Lawrence<br>156 Lombard St, #24<br>San Francisco, CA 94111 | Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050 |
| Estate of Lena A. Basile<br>10426 Helendale Ave.<br>Tujunga, CA 91042 | Foley & Lardner LLP<br>555 South Flower ST, #4400<br>Los Angeles, CA 90071-2411 | Ground Zero Pharmaceuticals, Inc.<br>5405 Alton Parkway, Suite A-464<br>Irvine, CA 92604 |
| Hebron Cheung<br>2724 Healther Heights Ave<br>Arcadia, CA 91006 | Hue Kha<br>13235 Elmrock Ave.<br>Moorpark, CA 93021 | Jamie Tom<br>PO BOX 66053<br>Arcadia, CA 91066 |
| Labyrinth Strategic 173<br>Highland Place<br>Monrovia, CA 91016 | Libo Pharma<br>10F, No 27-8, Sec.2, Zhongzheng<br>E. Tamsui Dist, New Taipei City<br>251, TAIWAN | Siegfried Irvine 9342<br>Jeronimo Road<br>Irvine, CA 92618 |
| Outcome Capital 11921<br>Freedom Dr. Ste 730<br>Reston, VA 20190 | Scott Buckel<br>8926 Glacier Ave<br>Texas City, TX 77591 | The Trustees of Columbia<br>University c/o Clinical Trial Office<br>PO BOX 26453<br>New York, NY |
| Stanford University<br>PO BOX 44253<br>San Francisco, CA 94144-4253 | Summit Analytical, LLC<br>8354 Northfield Blvd, Blvd G,<br>Suite 3700<br>Denver, CO 80238 | |

| SECURED CREDITORS |||
|---|---|---|
| Elliot Friedman<br>717 W. Olympic Blvd, Suite 2007<br>Los Angeles, CA 90015 | Mao Qun Int'l. Investment LLC<br>1F, No 22-2 Ln.189, Sec.1, Chengtai<br>Rd, Wugu Dist. , New Taipei<br>TAIWAN | Raphael Nir<br>227 Bridle Trail Road<br>Needham, MA 02492 |

### POTENTIAL BIDDERS

| Potential Bidder No. 1<br>REDACTED | Potential Bidder No. 2<br>REDACTED | Potential Bidder No. 3<br>REDACTED | Potential Bidder No. 4<br>REDACTED |
|---|---|---|---|

WEINTRAUB & SELTH, APC
11766 WILSHIRE BLVD., SUITE 1170
LOS ANGELES, CA 90025

3788.02